## Thomas M'Dowell et al. plffs in error, vs. Leonard Appleby, deft in error.

An attorney has no *lien* for costs, for bringing a writ of error where, in the progress of the writ of error, the plaintiffs in error settle the suit with the attorney for the defendant in error, and discharge the proceedings; the attorney subsequently goes on and enters judgment for costs on the writ of error, having had notice of the settlement at the time it was made. Judgment on the writ of error will be set aside with costs.

*Motion by defendant in error to set aside judgment and subsequent proceedings with costs.*—R. Manning, attorney for plaintiffs in error, brought a writ of error upon a judgment obtained against them in the superior court of the city of New-York, on the 2d October, 1843. On the 4th December following, E. W. Stoughton, attorney for defendant in error, received notice of the bringing the writ and filing the bond, &c., from Manning. On the 6th of the same December, M'Dowell paid the judgment upon which the writ of error was brought to Appleby the defendant in error, and executed an agreement to pay all costs on the writ of error; and stipulated that no writ of error should thereafter be brought on the judgment, either by himself or the other plaintiff in error. On the 29th of the same December, Hunt, the other plaintiff in error, who was surety

for M'Dowell on the bond upon which the judgment was obtained, gave his consent in writing to the settlement made by M'Dowell, and that no writ of error should thereafter be brought on the judgment, and requested a discontinuance of this writ of error : at the same time, Stoughton executed and delivered to him a satisfaction of the judgment against him and M'Dowell.  On the 21st of the same December, Stoughton served on Manning copies of the stipulation, and requested Manning to enter a rule to discontinue the suit on the writ of error, which Manning declined doing unless his costs were paid; and Manning, on the 11th June 1845, served on Appleby, defendant in error, a notice not to pay the costs to the plaintiff in error, as he had a lien thereon to the full amount.  Manning went on and entered judgment on the writ of error in May 1845, reversing the former judgment with costs.

John N. Taylor, *Defts Counsel.*      E. W. Stoughton, *Defts Atty.*
G. J. R. Bowdoin, *Plffs Counsel.*      R. Manning, *Plffs Atty.*

Manning, attorney for plaintiffs, alleged that M'Dowell was insolvent, and that it was a collusion between plaintiffs in error and Stoughton to defraud him of his costs; but insisted that their agreement to discontinue the writ of error did not render the transaction valid as against their attorney's claim: that he had notified Stoughton he should disregard any settlement, unless his costs were paid.

Beardsley, Justice.— The attorney had no *lien* for costs : he had nothing to have a lien upon; there was no lien.  The motion must be granted with costs.  Rule accordingly.